EAST OHIO GAS COMPANY, APPELLANT, *v.*
PUBLIC UTILITIES COMMISSION OF OHIO, APPELLEE.

[Cite as East Ohio Gas Co. *v.* Pub. Util. Comm. (1982), 1 Ohio St. 3d 31.]

(No. 81-1831—Decided July 14, 1982.)

*Messrs. Jones, Day, Reavis & Pogue, Mr. Paul T. Ruxin, Mr. Maynard F. Thomson, Mr. Richard D. Avil, Jr.,* and *Mr. David A. Kutik,* for appellant.

*Mr. William J. Brown,* attorney general, *Mr. Marvin I. Resnik* and *Mr. David M. Neubauer,* for appellee.

*Mr. James E. Young,* director of law, and *Mr. Craig A. Glazer,* for intervening appellee city of Cleveland.

*Per Curiam.* Appellant argues that the commission erred in allowing only partial recovery of its advertising expenses.[1] The seminal case regarding the recovery of advertising expenses by a public utility is *Cleveland v. Pub. Util. Comm.* (1980), 63 Ohio St. 2d 62 [17 O.O. 3d 37]. In *Cleveland,* this court stated, at page 70, that there are essentially four types of utility advertising: institutional, promotional, informational and conservational. Regarding institutional and promotional advertising, the court stated in the syllabus:

---

[1] Although the commission disallowed $1,298,229, the appellant challenges only $1,196,229 of that amount.

"Unless a utility can demonstrate that its institutional and promotional advertising expenditures and its charitable contributions provide a direct, primary benefit to its customers, such expense items are not allowable as operating expenses for rate-making purposes."

In the present appeal, appellant does not argue that the commission erred in finding that the disallowed advertising was promotional or institutional. Rather, appellant's position is that its consumers receive a "direct, primary benefit" from the advertising.

The thrust of this argument is that with decontrol and higher prices, gas is once again plentiful; however, the increased cost of gas has caused appellant to lose customers.[2] As appellant has certain fixed costs, the loss of customers will result in those remaining bearing greater proportionate shares. The argument continues that it is necessary to advertise in order to maintain load factors and keep prices down. Therefore, customers are direct and primary beneficiaries of this advertising.

We cannot accept appellant's argument. Even assuming customers derive a benefit from utility advertising, we must conclude that they do not receive a direct and primary benefit from the advertising. At best, appellant's customers receive indirect benefits from the advertising. This is precisely what *Cleveland, supra,* held not to be includable as expense items for rate-making purposes.

That appellant's customers are not the direct and primary beneficiaries of the advertising may be demonstrated by an examination of a portion of the expense. Approximately $440,000 was spent to subsidize co-op advertising with dealers of gas appliances. It is the dealer who will receive the most direct benefit from this type of promotion. Courts in other states have recognized the unfairness of forcing utility customers to subsidize separate commercial entities yet to receive no consideration for the profits of these entities at rate-making time. See, *e.g., Boston Consolidated Gas Co.* v. *Dept. of Public Utilities* (1951), 327 Mass. 103, 97 N.E. 2d 521; *Application of Hawaii Electric Co.* (1975), 56 Haw. 260, 535 P. 2d 1102.

We are mindful of the difficult position into which gas utility companies, and their customers, have been placed by the energy crisis. The price spiral and energy shortages have led to lower load factors. However, the solution proposed by the appellant, that of increased promotional advertising, will not result in any measurable benefits to customers. We agree with the solution advanced by the Supreme Court of Hawaii in *Application of Hawaii Electric Co., supra:*

"One of the primary factors the PUC must take into consideration when it fixes rates is the fairness to the ratepayer. Obviously, the particular type of

---

[2] Appellant points out that it is not a monopoly since electricity competes with gas in supplying energy for heating, cooking, water-heating and drying clothes—the major residential uses for gas.

advertising competition involved here [promotional] does not benefit the ratepayer. *** There are alternative, viable means to promote sound competition among utilities, particularly between two utility companies *** [gas and electric] which have already established themselves in Hawaii's marketplace. Efficiency of management, technological improvements, superiority of service, and economy of costs should more properly provide the bases for any competition between them." *Id.,* at 268-269, 535 P. 2d at 1108.

Based on the foregoing, we hold that the commission did not abuse its discretion in refusing to allow the inclusion of appellant's promotional and institutional advertising expenses. Accordingly, the order of the commission is affirmed.

*Order affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, VICTOR, HOLMES, BROGAN and KRUPANSKY, JJ., concur.

VICTOR, J., of the Ninth Appellate District, sitting for LOCHER, J.
BROGAN, J., of the Second Appellate District, sitting for C. BROWN, J.